**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICK G. STALLINGS,

    Petitioner - Appellant,

v.

DWAYNE SANTISTEVAN, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 21-2115
(D.C. No. 2:20-CV-00014-JB-KBM)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Pro se petitioner Rick G. Stallings, a New Mexico state prisoner, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his petition

for a writ of habeas corpus under 28 U.S.C. § 2254. We deny Petitioner's request for a

COA and dismiss his appeal. We also deny Petitioner's motion to proceed *in forma*

*pauperis*.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

## I.

A New Mexico state court sentenced Petitioner to thirteen years in prison for possession of a deadly weapon—a sharpened eyeglasses arm—which jail officials discovered in his cell while the state held him in pretrial custody for charges of capital murder and eight other theft and firearm counts. A jury also convicted him in the homicide case, and the court sentenced him to life imprisonment plus sixteen-and-a-half years. The state court ordered his possession-of-a-deadly-weapon and homicide sentences to run consecutively.

Petitioner appealed his deadly-weapon conviction to the New Mexico Court of Appeals. It affirmed the conviction, and the New Mexico Supreme Court denied certiorari. Petitioner filed a petition for writ of habeas corpus in the state district court. The district court denied the petition, and the New Mexico Supreme Court denied certiorari. Petitioner then filed a federal habeas petition, which the federal district court denied on June 30, 2021. This appeal followed.

## II.

Our jurisdiction arises under 28 U.S.C. § 1291 and § 2253(c). Preliminarily, we note that Petitioner untimely filed a notice of appeal on October 4, 2021. See Fed. R. App. P. 4(1). But we conclude Petitioner's late filing does not impede our jurisdiction because he substantially complied with the appellate rules by sending a letter dated July 14, 2021, to the district court. "[A] notice of appeal must specifically indicate the litigant's intent to seek appellate review," and "a document filed within the time specified by Rule 4 [that] gives the notice required by Rule 3 . . . is effective as a notice of appeal."

2

Smith v. Barry, 502 U.S. 244, 248-49 (1992) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)). Federal Rule of Appellate Procedure 3(c)(1) requires a notice of appeal to "specify the party or parties taking the appeal," "designate the judgment . . . from which the appeal is taken," and "name the court to which the appeal is taken." Petitioner's letter, filed just two weeks after the district court dismissed his habeas petition, states he "received the Final Judgment on the above titled case . . . and would like to appeal to the 10th Circuit Court of Appeals in Denver, Colorado." Petitioner also stated he was "unsure of the process" and asked the district court to "provide [him] with an appeal packet." Id. Petitioner indicated his intent to appeal and met the requirements of Rule 3. We therefore consider his letter a timely notice of appeal.

We next consider whether Petitioner is entitled to a COA. A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we will grant a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the showing, Petitioner must prove that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). We may grant habeas relief from a state-court decision only if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

3

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Davis v. McCollum, 798 F.3d 1317, 1319 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

### III.

On appeal, Petitioner asserts eight claims: (1) his punishment by the county jail, followed by his conviction, violated double jeopardy, (2) ineffective assistance of counsel, (3) denial of the constitutional right to self-representation, (4) unconstitutional ejectment from trial, and denial of (5) his request to preserve video evidence, (6) the testimony of his preferred witnesses, (7) his motions to change venue, and (8) his right to a speedy trial. We address each in turn to determine whether Petitioner has shown his entitlement to a COA.

Petitioner first argues that his state-court conviction for "the same charge the jail convicted him of" violates double jeopardy because the jail had already disciplined him for possessing the eyeglass piece by revoking his canteen, telephone, and television privileges and placing him in segregated lock-up for 30 days. Appellant Br. at 3. But a criminal prosecution that follows an imposition of disciplinary sanctions for the same conduct does not implicate double jeopardy. "Prison disciplinary proceedings are not part of a criminal prosecution," Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)), and "[i]t is well established in this Circuit that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the double jeopardy

4

clause." United States v. Rising, 867 F.2d 1255, 1259 (10th Cir. 1989) (citations omitted).

Petitioner also argues the state trial judge "never ruled on" his two pro se motions for a change of venue and that a venue change was necessary because of the "high profile" of his murder case, racism in the "4-Corners Area," and because the trial judge "knew the victim in [the] murder case." Appellant Br. at 6. Petitioner's arguments fail for various reasons. First, the arguments are factually inaccurate and contradicted by the record. The trial judge denied one of the motions, disclaiming any conflict of interest, and Petitioner withdrew the other. Second, Petitioner's arguments are based on errors of state law. Because he moved for a venue change under state law, his venue claims are not entitled to federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted) (stating "federal habeas corpus relief does not lie for errors of state law"). Finally, to receive federal habeas relief, Petitioner must show the alleged errors caused him prejudice. Petitioner does not explain if or how the trial venue resulted in prejudice against him or argue that the trial judge's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The rest of Petitioner's claims appear to stem from his right-to-self-representation claim. Petitioner asserts that if he had been allowed to proceed pro se, he would have pursued a different trial strategy, including additional witness testimony and video evidence. He also argues he would not have asked to be excused from trial and his trial would not have been "constantly postponed" by his attempts to dismiss his attorney. A criminal defendant has the right to represent himself under the Sixth Amendment, "[b]ut

5

this right lies in tension with the . . . right to counsel." United States v. Simpson, 845 F.3d 1039, 1046 (10th Cir. 2017) (citing Faretta v. California, 422 U.S. 806, 819–20, 832 (1975)). To proceed pro se, Petitioner had to "clearly and unequivocally inform the district court of his intention to represent himself"; his request had to be "timely and not for the purpose of delay"; the court had to conduct a "comprehensive formal inquiry" into whether he was "knowingly and intelligently" waiving the right to counsel; and he had to be "able and willing to abide by rules of procedure and courtroom protocol." Id. (quoting United States v. Tucker, 451 F.3d 1176, 1180 (10th Cir. 2006)). Throughout his case, Petitioner said he did not want to proceed pro se and did not feel comfortable doing so, but preferred that to representation by his appointed counsel. But he repeatedly changed his mind about his desire to represent himself, including "just before trial," and became unresponsive when the trial judge tried to confirm an informed decision. We, like the district court, find no fault with the trial judge's extensive attempts to confirm whether Petitioner indeed wanted to proceed pro se or was competent to do so. Given the continued ambiguity of Petitioner's position, we cannot say the trial judge violated the constitution by denying his request to represent himself.

Petitioner's ineffective assistance claims fail under the two-part test established in Strickland v. Washington: he has not shown that counsel's performance was deficient because it fell below an objective standard of reasonableness, nor has he shown that counsel's deficient performance prejudiced his defense. 466 U.S. 668, 687–88 (1984). Petitioner argues that counsel did not pursue his preferred, duress strategy at trial and did not present witnesses and video evidence that he believes would have corroborated his

version of events. But our scrutiny of counsel's performance "must be highly deferential," and counsel must have "wide latitude . . . in making tactical decisions." Strickland, 466 U.S. at 689 (citation omitted). "Trial management is the lawyer's province," and decisions about "what arguments to pursue," McCoy v. Louisiana, 138 S.Ct. 1500, 1508 (quoting Gonzales v. United States, 533 U.S. 242, 248 (2008)), or "which witnesses to call [are] quintessentially a matter of strategy for the trial attorney." United States v. Barrett, 797 F.3d 1207, 1214 (10th Cir. 2015) (quoting Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008)). We agree with the district court that Petitioner's duress theory was unlikely to succeed and counsel's decision to pursue a different strategy was objectively reasonable.

As for Petitioner's claims that he was denied his right to a speedy trial and unconstitutionally excluded from trial, Petitioner caused the trial delays with his continued attempts to fire his court-appointed counsel and decision to excuse himself from trial. To determine whether pretrial delay violated Petitioner's constitutional rights, we balance length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 533 (1972). Twenty-two months passed between Petitioner's arraignment and his trial. But we agree with the district court that Petitioner's responsibility for the delays coupled with his "infrequent and less-than-vigorous" assertions of his speedy-trial right outweigh the length of the delay and minimize any possible prejudice. Delays attributable to a defendant may effectively waive the speedy-trial right, and Petitioner's repeated clashes with his

7

counsel, up to and even on the eve of trial, disrupted proceedings and weigh heavily against him.  See Vermont v. Brillon, 556 U.S. 81, 90, 93 (2009).

Petitioner fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the district court did not err in in denying his § 2254 petition.  We deny his request for a COA and dismiss his appeal.  Plaintiff has also failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," and we therefore deny his motion for leave to proceed in forma pauperis.  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citations omitted).

Entered for the Court

Joel M. Carson III
Circuit Judge